IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ALLYSON PERRY, et al.,

    Plaintiffs,

    v.

WILLIAM CUMMINGS, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:22-CV-3860-TWT

**OPINION AND ORDER**

    This is a personal injury action. It is before the Court on the Defendants' Motion for Partial Summary Judgment [Doc. 47], which is GRANTED.

### I.  Background[1]

    This case arises from a car accident between the Plaintiffs and the Defendant William Cummings that occurred on March 26, 2021. (Defs.' Statement of Undisputed Material Facts ¶ 1). At the time of the accident, Cummings was operating a tractor-trailer for the Defendant Ryan Transport, LLC, who was assigned to transport the load by the Defendant Lenk Express, LLC. (Pls.' Statement of Additional Undisputed Material Facts ¶¶ 16–19). Ryan hired Cummings in June 2020, and Cummings was not involved in any accidents, nor did he receive any citations or points on his CDL license, prior

---

[1] The operative facts on the Motion for Partial Summary Judgment are taken from the parties' Statements of Undisputed Material Facts and the responses thereto. The Court will deem the parties' factual assertions, where supported by evidentiary citations, admitted unless the respondent makes a proper objection under Local Rule 56.1(B).

to the accident giving rise to this suit. (Defs.' Statement of Undisputed Material Facts ¶¶ 5, 7). Prior to his employment with Ryan, Cummings received two speeding tickets and a citation for following too closely between 2015 and 2017. (*Id.* ¶ 10). The Plaintiffs brought the present case against the Defendants on September 26, 2022, asserting claims of negligence, imputed liability, and negligent hiring, training, and supervision. On October 10, 2023, the Court granted partial summary judgment in favor of the Defendants on the Plaintiffs' negligent hiring and training claims against Lenk and the negligent training claim against Ryan. The Defendants now move for partial summary judgment as to the negligent hiring and supervision claims against Ryan and the negligent supervision claim against Lenk.

## II.   Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c). The court should view the evidence and draw any inferences in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact

exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

### III.  Discussion

The Defendants move for partial summary judgment as to the Plaintiffs' negligent supervision claims against Lenk and Ryan and negligent hiring claim against Ryan. (Br. in Supp. of Defs.' Mot. for Partial Summ. J., at 1). They contend that the undisputed facts establish that Cummings had an exemplary safety record while he worked for Ryan until the accident at issue and note that his lone citation for following too closely in 2017 does not require a finding of a tendency to engage in the behavior that allegedly caused the accident. (*Id.* at 2, 4). In response, the Plaintiffs argue that the Defendants' Motion is untimely pursuant to the Scheduling Order and that summary judgment is premature because genuine issues of fact remain as to whether the Defendants were negligent in their hiring and supervision of Cummings. (Pls.' Resp. Br. in Opp'n to Defs.' Mot. for Partial Summ. J., at 3–8).

The Court finds the Defendants' Motion to be timely and meritorious. As to the former, the Defendants Motion is timely under Local Rule 56.1(D) after the Court extended discovery to allow for the deposition of the Plaintiffs' proffered expert Linda Day, which encompassed the issues of negligent supervision and hiring before the Court in this Motion. And as to the latter, the Defendants carried their initial burden of showing the absence of a genuine dispute of material fact regarding Cummings' driving that would support a claim of negligent hiring or supervision by the Defendants. (Br. in Supp. of

3

Defs.' Mot. for Partial Summ. J., at 3–4 (citing Cummings' driving record and the deposition and affidavit of Lenk and Ryan representatives who viewed Cummings as a safe driver)). But in response, the Plaintiffs fail to present any affirmative evidence to suggest that the Defendants negligently hired or supervised Cummings in some manner. (Pls.' Resp. Br. in Opp'n to Defs.' Mot. for Summ. J., at 6–8). Instead, they merely rely on evidence of two speeding tickets and a citation for following too closely between 2015 and 2017 in support of their position that a reasonable jury could find that such evidence could support a claim for negligent supervision and hiring.

The Court disagrees with the Plaintiffs' argument. First, traffic citations that occurred more than three years before a driver was hired in no way implicate any potential negligent supervision of that driver. And second, "[n]o reasonable jury could find that [a truck driver] was accident-prone based on two speeding tickets [and a citation for following too closely] over the course of a decade." *Hughey v. KTV's Transp., LLC*, 2022 WL 902841, at *4 (N.D. Ga. Mar. 28, 2022). Moreover, the lone case on which the Plaintiffs rely in support of their position is grossly distinguishable from the facts of the present case. *See Collins v. GKD Mgmt., LP*, 2023 WL 8351543, at *1, *12 (N.D. Ga. Oct. 3, 2023) (allowing claims of negligent hiring and supervision to proceed to a jury in a *wrongful death* action where the truck driver who caused the injuries had "a driving citation, three roadside inspections, a previous accident, and a 'call-in' report about [the truck driver's] speeding—all occurring within or

4

around a year prior to the accident in this case"). Accordingly, summary judgment in favor of the Defendants is proper as to the negligent hiring and supervision theories against Ryan under Count V and as to the negligent supervision theory against Lenk under Count III.

## IV. Conclusion

For the foregoing reasons, the Defendants' Motion for Partial Summary Judgment [Doc. 47] is GRANTED.

SO ORDERED, this __14th__ day of May, 2024.

*Thomas W. Thrash*
THOMAS W. THRASH, JR.
United States District Judge